MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Banks, Bar No. 218779
christopher.banks@morganlewis.com
Robin Marie Lagorio, Bar No. 284885
robin.lagorio@morganlewis.com
One Market
Spear Street Tower
San Francisco, California 94105-1596
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001

Attorneys for Defendant
ABB/CON-CISE OPTICAL GROUP LLC, a Delaware
Limited Liability Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY ARRIAGA,<br><br>    Plaintiff,<br><br>v.<br><br>ABB/CON-CISE OPTICAL GROUP LLC, a California corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:17-cv-05761-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case between Plaintiff Ruby Arriaga ("Plaintiff") and Defendant ABB/Con-Cise Optical Group LLC ("Defendant") (collectively, the "parties") as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3.   **LIAISON**

Defendant has identified a liaison who is knowledgeable about and responsible for discussing Defendant's ESI. Plaintiff may identify a liaison at a future point as needed. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4.   **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a)   Only ESI created or received between July 1, 2012 and September 3, 2016 will be preserved;

   b)   ESI created by the following custodians will be preserved: Matthew Kallas, Robin Duarte, Jeannette Delgado, Tim Dorsey, Ruby Arriaga, Jerry Frutero, Steven Solimini, and Vernon Burkett. To the extent any custodians' employment began after, or ended before July 1, 2012 or September 3, 2016, the parties acknowledge that no ESI will have been created or received during that time frame.

   c)   Data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced. Defendant identifies business intelligence environment data as a data source not reasonably accessible.

5.   **SEARCH**

The parties agree that each side will conduct a diligent search in good faith to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

Defendant is required to produce only a single copy of a responsive document and may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value is generated based on the parent/child

document grouping. Defendant may also de-duplicate "near-duplicate" email threads as follows: In an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment, that email and attachment shall not be removed as a "near-duplicate." To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.

### 6.  PRODUCTION FORMATS

The defendant agrees to produce documents in ☒native, ☒PDF or a combination thereof file formats. The plaintiff agrees to produce documents in ☒PDF format with unique bates numbers and appropriate confidentiality designations. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. The Parties agree that there is no obligation to recollect or reproduce any collections or productions.

a)  ESI

Electronically stored information ("ESI") should be produced as document level, Group IV, 300 DPI PDF's with the exception of source code, audio, video, and spreadsheet-type files, including, but not limited to, Microsoft Excel, CSV – which should be produced in native format. The parties agree that certain documents identified and collected as part of a targeted collection that originated as ESI may be produced without metadata but compliant with Section 6a. An .opt image cross-reference file should also be provided for all PDF's. To the extent that metadata does not exist, is not reasonably accessible or available for any documents produced or would be burdensome to provide, nothing in this Stipulation shall require any party to extract, capture, collect or produce such data.

PDF's should show any and all text and images which would be visible to the reader using the native software that created the document. For example, PDF's of e-mail messages should include the BCC line, when present. PowerPoint documents should be processed with hidden slides and all speaker notes unhidden, and should be processed to show both the slide and the

speaker's notes on the PDF. Color originals may be produced in B&W PDF format, but either party may subsequently request, by Bates number(s), a replacement set of images in color only to the extent that the requesting party demonstrates that the loss of the color detracts from the usability or reduces the ability to understand the information imparted in the original, however categorical or wholesale requests are deemed invalid.

For each document, an extracted text file should be provided along with its corresponding PDF file(s). The file name of each extracted text file should be identical to that of the first image page of its corresponding document (i.e. first Bates number), followed by ".txt". The text of native files should be extracted directly from the native file. If extracted text is not available, OCR should be provided. However, if a document has been redacted, OCR of the redacted document will suffice in lieu of extracted text.

b) Native Files

If a document is produced in native format, a single-page Bates-stamped PDF slip-sheet containing the confidential designation and text stating the document has been produced in native format should also be provided. If documents requested in native format require redactions, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that native files should be produced for a specific document or class of documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native or PDF format (*i.e.*, structured data), the parties should meet and confer in good faith. The parties will provide certain metadata upon request.

c) Production Media

Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission. The production media shall be labeled with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter. Any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32295677.3

4
STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

Case No. 3:17-cv-05761-EMC

document production that may contain "non-public personal information" (as defined in the Gramm-Leach-Bliley Act) or "Confidential Health Information" (as defined in the Confidentiality Agreement that is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, 45 C.F.R., pts. 160 and 164, and/or other applicable state or federal law or regulation concerning confidential health information) shall be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable. If a producing party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree that the production of ESI may be phased, and will meet and confer to prioritize the order of phased productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the DFEH complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32295677.3

5

Case No. 3:17-cv-05761-EMC
STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

| | | |
|---|---|---|
| Dated: January 31, 2018 | | LAW OFFICES OF PHIL HOROWITZ |

By _/s/ Phil Horowitz_
Phil Horowitz
Christopher Banks
Attorneys for Plaintiff
RUBY ARRIAGA

Dated: January 31, 2018                MORGAN, LEWIS & BOCKIUS LLP

By _/s/ Robin Lagorio_
Christopher J. Banks
Robin Marie Lagorio
Attorneys for Defendant
ABB/CON-CISE OPTICAL GROUP LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 2/2/2018

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32295677.3

6

Case No. 3:17-cv-05761-EMC
STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION